IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

MARIO MCNEIL                                                                                      PETITIONER
Reg. #30893-076

v.                                          2:24-cv-00124-BSM-JJV

C. GARRETT, Warden,
FCC Forrest City                                                                                  RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

**DISPOSITION**

**I.    INTRODUCTION**

On October 24, 2018, in the United States District Court for the Western District of Tennessee, Mario McNeil ("Petitioner") pleaded guilty to the charges of Possession with the Intent to Distribute and Distribution of 500 grams or more of a mixture and substance containing Methamphetamine and Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime.[1]  (Doc. No. 6-1 at 1-2.)  On January 25, 2019, Petitioner was sentenced to 120 months'

---
[1] The corresponding case number is 2:18-cr-20013-01-TLP.

imprisonment as to Count 1, 60 months' imprisonment as to Count 2, the sentences to run consecutively for a total sentence of 180 months, and a term of five years of supervised release. (*Id*. at 3-4.)  Mr. McNeil is currently serving this sentence at the Forrest City Low Federal Correctional Institution ("FCI Forrest City).  (Doc. No. 6 at 1.)  According to the Bureau of Prison's calculation, Mr. McNeil's projected release date is March 10, 2031.  (*Id*.)

Mr. McNeil brings the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 *pro se*.  (Doc. No. 1.)  In September of 2023, Petitioner was sanctioned by a disciplinary hearing officer ("DHO") for possessing a cell phone while imprisoned, and Petitioner alleges that such sanctions resulted in a "loss of 41 days good time credit."  (*Id*. at 2.)  Mr. McNeil further alleges that the BOP violated his due process rights during the disciplinary hearing process and that because he was never provided with a copy of the DHO report, he was barred from appealing the DHO's findings.  (*Id*. at 8-9.)  Mr. McNeil requests the sanctions be expunged from his record and his 41 days of good time credit be restored.  (*Id*. at 9.)

Respondent Chad Garrett, Warden of FCI Forrest City Low, through counsel, has filed a Motion to Dismiss Mr. McNeil's Petition, asserting dismissal is appropriate due to Mr. McNeil's failure to exhaust his administrative remedies.  (Doc. No. 6. at 1-5.)  Mr. McNeil has not responded to the Motion to Dismiss, and this matter is now ripe for a decision.  After careful consideration, I recommend that the Motion to Dismiss be GRANTED and Mr. McNeil's Petition be DISMISSED without prejudice.

## II.    ANALYSIS

### a.  The Exhaustion Requirement

"A prisoner may bring a habeas action challenging the [Bureau of Prisons]'s execution of his sentence only if he first presents his claim to the BOP."  *Mathena v. United States*, 577 F.3d

943, 946 (8th Cir. 2009) (citing *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam)). Federal regulations afford prisoners administrative review of the computation of their credits. *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 28 C.F.R. §§ 542.10-.16). Prisoners are able to seek judicial review of these computations "after exhausting their administrative remedies." *Id*. (citing *United States v. Bayless*, 940 F.2d 300, 304-05 (8th Cir. 1991)).

The BOP's Administrative Remedy Program exists "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. The process is a multi-step one. First, an inmate must "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." *Id*. at § 542.13(a). Second, if the issue is not resolved, the inmate must submit a "formal written Administrative Remedy Request" at the institutional level. *Id*. at § 542.14(a).

Third, "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal . . . to the appropriate Regional Director." *Id*. at § 542.15(a). Fourth, "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal . . . to the General Counsel." *Id*. An inmate may seek judicial review only after exhausting each of these steps. *Wilson*, 503 U.S. at 335; *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (administrative exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)").

    b. **Petitioner's Failure to Exhaust**

Mr. McNeil has failed to exhaust his administrative remedies. After a disciplinary hearing was held on September 27, 2023, Petitioner was sanctioned by the DHO for possession of a cell

phone in prison. (Doc. No. 6-2 at 3.) In accordance with 28 C.F.R. § 542.14(d)(2), Mr. McNeil filed an administrative appeal to the Regional Director, and BOP records indicate that the appeal was received on January 31, 2024. (Doc No. 6-2 at 16.) Ordinarily, an inmate must appeal the decision of a DHO to the Regional Director "within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). Petitioner's appeal was rejected as untimely, but Petitioner was allowed to resubmit his appeal with a memorandum from staff that justified his untimely appeal. (*Id*. at 4, 16.) Rather than comply with the direction of the Regional Director, Mr. McNeil filed a second appeal that was received months later on May 29, 2024. (*Id*.) Mr. McNeil's second appeal was, again, rejected as untimely. (*Id*.)

Mr. McNeil argues that because he did not receive a written copy of the DHO report, his ability to appeal the DHO's decision was "effectively destroyed." (Doc. No. 1 at 8.) That is simply not the case. In his second appeal, Mr. McNeil asserts that he "continuously requested" a copy of the DHO report (Doc. No. 1 at 12), a claim that Respondent refutes (Docs. No. 6 at 4; 6-2 at 4). Even if Petitioner did not receive the DHO report in time to file his first appeal, he was provided a remedy but refused to proceed as instructed. (Doc. No. 6 6-2 at 4, 13) Furthermore, had Petitioner alerted prison officials that he did not receive the DHO report, Respondent says one would have been provided and the 20 days to appeal would have begun only after receipt of the report – a fact known to Petitioner as stated on the Rejection Notice. (Doc. No. 1 at 11.) Instead, Petitioner chose to file the instant Petition for Writ of Habeas Corpus.

Mr. McNeil previously submitted eight Administrative Remedy Requests or Appeals during his time in incarceration - separate from the two already mentioned. (Doc. No 6-2 at 12-15.) The fact that Petitioner has previously engaged in the BOP's Administrative Remedy Program to resolve issues reveals he is aware of the BOP's grievance procedures. While it is understandable

that Mr. McNeil may have become inpatient while waiting for the DHO report, it does not excuse his decision to try and circumvent the BOP's Administrative Remedy Program procedures and file a petition for writ of habeas corpus. Again, it is not until after a prisoner presents his claim to the BOP, and proceeds through the entire Administrative Remedy Program, that he may institute a habeas action to contest an unfavorable decision. *Mathena*, 577 F.3d 943 at 946.

That being said, I realize Mr. McNeil may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court. To the contrary, the exhaustion requirement plays a critical role in the remedy process. The Supreme Court of the United States explained the important role of exhaustion as follows: "requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record."[2] *Jones v. Bock*, 549 U.S. 199, 204 (2007). Additionally, I commend Mr. McNeil for accruing a substantial number of programing days while incarcerated. (Doc No. 6-2 at 9.) Although he understandably wants those programming days to translate into time credits that will result in an early release, his continued participation in those programs will only benefit him when he is released. This is because the evidence-based recidivism reduction programs: (1) are backed by research demonstrating the programs' effectiveness in reducing recidivism; and (2) are "designed to help prisoners succeed in their communities upon release." 18 U.S.C. § 3635(3). Programming can include substance abuse treatment, mentoring, vocational training, and ethics classes. Mr. McNeil will surely benefit from such programming.

---

[2] In *Jones*, the Supreme Court of the United States was describing exhaustion in the Prison Litigation Reform Act ("PLRA") context. Although the PLRA does not apply to petitions of writs of habeas corpus, the rationale behind exhaustion under the PLRA offers insight into the exhaustion requirement in the habeas context for petitions brought under 28 U.S.C. § 2241. 18 U.S.C. § 1997e(a).

Upon receipt of the DHO report, Mr. McNeil is free to appeal to the Regional Director in a manner consistent with the BOP's Administrative Remedy Program procedures. Because he failed to exhaust his administrative remedies prior to seeking judicial review in this habeas action, his claims must be dismissed without prejudice.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. McNeil's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice.

DATED this 30th day of September 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE